IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHELLY OSIER,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:16-cv-01061-MA

ORDER FOR EAJA FEES

MARSH, Judge

Presently before the Court is Plaintiff Shelly Osier's Application for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Pl.'s Appl. Fees, ECF No. 16. Plaintiff seeks an award of fees in the amount of $7,225.50. For the reasons that follow, Plaintiff's Application is granted in part, and denied in part.

## BACKGROUND

Plaintiff alleged disability beginning on August 1, 2003, due to fatigue, cerebral palsy, lumbago, foot pain, post traumatic stress disorder ("PTSD"), anxiety, and depression. Plaintiff's application was denied initially and on reconsideration. Op. & Order 2, ECF No. 14. After a

hearing, an Administrative Law Judge found Plaintiff is not disabled in January 2015. After the Appeals Council denied review, Plaintiff subsequently sought review in this Court.

Plaintiff raised several independent substantive assignments of error in her appeal. The Court rejected several of those arguments, but agreed with Plaintiff that the ALJ erred by failing to provide specific and legitimate reasons for rejecting the opinion of Karla Causeya, Psy.D. Exercising discretion, the Court remanded the case for further proceedings.

On July 3, 2017, as the prevailing party, Plaintiff filed this application for attorney fees seeking $7,302.57 for 37.9 hours of attorney time. The Commissioner filed a Response in Opposition to Plaintiff's application for fees asserting its position was substantially justified. Def.'s Resp., ECF No. 17. Alternatively, the Commissioner contends that Plaintiff's application for fees is unreasonable. Plaintiff filed a reply, in which she reduced the requested amount of fees to $7,225.50 reflecting 37.5 hours of attorney time.

## DISCUSSION

### I. Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988); *Gonzales*, 408 F.3d at 618.

A position is substantially justified if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010). The position of the United States includes the "government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government bears the burden of demonstrating substantial justification at each stage of the proceedings. *Id.* at 872; *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001).

The Commissioner contends that it was substantially justified in defending the ALJ's rejection of Dr. Causeya's opinion. The Commissioner appears to suggest that because Dr. Causeya did not specifically opine that Plaintiff would be unable to work for the requisite 12 months thereby satisfying the durational requirement, the ALJ's discussion of the medical evidence was substantially justified. The Commissioner's argument misses the mark.

On appeal to this Court, Plaintiff argued that the ALJ improperly rejected Dr. Causeya's opinion. In its Opinion and Order, the Court agreed. The Court concluded that the ALJ erred in rejecting Dr. Causeya's opinion, failing to set forth specific and legitimate reasons backed by substantial evidence. As thoroughly set out in the Opinion and Order, none of the four reasons provided by the ALJ for rejecting Dr. Causeya's opinion were supported by substantial evidence. Op. & Order 11-13. For example, the ALJ rejected Dr. Causeya's opinion because she failed to provide any explanation for the check-the-box MRFC assessment. However, as the Court detailed, Dr. Causeya conducted a battery of independent intellectual and memory tests and prepared a ten page report detailing her findings. *Id.* at 11. Thus, the Court concluded that the ALJ's failed to offer specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Causeya's

3 - ORDER FOR EAJA FEES

opinion. For this reason, and those stated in the Opinion and Order, the Court concludes that the government's underlying action was not substantially justified in this case. *Meier*, 727 F.3d at 872 (finding government's position was not substantially justified where ALJ failed to provide specific or legitimate reasons to discount physician's opinion); *accord Martin v. Comm'r Soc. Sec. Admin.*, 598 F.App'x 485, 486 (9th Cir. 2015) (same). Moreover, the Court determines that because the government's underlying agency position was not substantially justified, the government's position defending the rejection of Dr. Causeya's opinion was not substantially justified. *Shafer*, 518 F.3d at 1071 ("The government's position must be substantially justified at each stage of the proceedings."); *see Doran v. Comm'r Soc. Sec. Admin.,*, Case No. 3:13-cv-01008-MA, 2015 WL 74170, *2 (D. Or. Jan.6, 2015) (finding Commissioner's position in defending doctor's improperly rejected opinion was not substantially justified). Accordingly, Plaintiff is entitled attorney fees under the EAJA.

## II. Reasonableness of EAJA Award

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Costa v. Commissioner Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433-34.

Plaintiff requests $7,225.50 in attorney fees to compensate for 37.5 hours expended by Plaintiff's counsel in 2016 and 2017. The Commissioner contends that Plaintiff's 37.5 hours is an unreasonable amount of time, given that the issues presented were routine, Plaintiff's briefing contained boilerplate language, and that Plaintiff inappropriately block-billed time and included clerical tasks. The Commissioner does not contest the hourly rate of $192.68.

The Court observes that the 37.5 hours requested falls within the range that has been recognized as reasonable for a social security case of average complexity. *Costa*, 690 F.3d at 1136-37. This case was certainly of average complexity. In this case, Plaintiff's opening brief was 18 pages long, and raised five issues requiring analysis of the evidence and applicable law related to the ALJ's evaluation of the evidence. The issues raised by Plaintiff are among those most frequently asserted in Social Security cases. After reviewing the Commissioner's 15-page brief, Plaintiff filed a six-page reply. Plaintiff's efforts achieved a successful result, in that the case was remanded for further administrative proceedings. I find that the 37.5 hours expended by counsel was a reasonable amount of time given the issues, record, and arguments presented to reach a favorable resolution for Plaintiff.

The Court declines to make reductions for block-billing in this instance. "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, No. CV. 08-340-MA, 2011 WL 2413996, *5 (D. Or. June 8, 2011). The Court observes that the majority of Plaintiff's time entries contain a very limited description of the task. However, with the exception of the clerical tasks identified below, the Commissioner fails to identify, nor does the Court find, any time entries

that are non-compensable. Plaintiff's counsel is strongly encouraged to provide additional detail in future attorney fee applications to aid the Court's task of assessing reasonableness.

As the Commissioner correctly contends, some reductions are necessary for hours spent on clerical tasks, which are not compensable attorney time under the EAJA. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) (noting that purely clerical tasks are not compensable as attorney time); *Sterling Savings Bank v. Sequoia Crossing, LLC*, No. 09-cv-0555-AC, 2010 WL 3210855, *7 (D. Or. August 11, 2010) ("Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents."). It is well-settled that the court may reduce an attorney's hours for time spent performing clerical work. *Neil v. Comm'r Soc. Sec. Admin.*, 495 F.App'x. 845, 847 (9th Cir. 2012) (affirming reductions for clerical tasks such filing documents and preparing and serving summons); *Woll v. Comm'r Soc. Sec. Admin.*, No. 3:13-CV-01877-MA, 2015 WL 3562191, *2 (D. Or. June 5, 2015) (reducing EAJA award for time spent filing Complaint).

There are three entries in Plaintiff's request that reflect time spent on clerical tasks, namely filing documents. In Plaintiff's Reply, she amended her request to eliminate .4 hours for filing the EAJA petition. Reply 4-5, ECF No. 18. In the remaining two entries, the time spent preparing the document is not separated from the time filing the document. Accordingly, the Court reduces the following two entries by .4 hours each to account for the non-compensable clerical time, consistent with Plaintiff's amended request:

        12/30/2016    5.50    Finalize and file USDC Opening Brief

        3/15/2017      4.50    Finalize and file Reply Brief

Pl.'s Appl. Fees, Ex. A, ECF No. 16-2. These reductions result in a modest reduction of .8 hours from hours in 2016 and 2017. The requested hourly rate of $192.68 is the same for 2016 and 2017.

In summary, I find a total of 36.7 hours (37.5–.8 = 36.7) to be reasonable under the EAJA. Therefore Plaintiff is entitled to an award of $7,071.36 (36.7 hours x $192.68 = $7,071.36).

## CONCLUSION

For the reasons stated above, Plaintiff's Application for Fees pursuant to EAJA (ECF No. 16) is GRANTED IN PART, and DENIED IN PART. Plaintiff is awarded attorney fees in the amount of $7,071.36. The attorney fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt that qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no such debt, the check shall be made out to Plaintiff's attorney and mailed to: George J. Wall, 1336 E. Burnside St., Suite 130, Portland, OR 97132. If Plaintiff has a debt, then the check for any remaining funds after offset shall be made payable to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

IT IS SO ORDERED.

DATED this __1__ day of AUGUST, 2017.

Malcolm F. Marsh
United States District Judge